UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL LUKENS,

    Plaintiff,

v.                                                        Case No. 8:25-cv-2045-SDM-CPT

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is Plaintiff Daniel Lukens's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2), which I construe as a motion to proceed in forma pauperis under 28 U.S.C. § 1915 (IFP Motion). For the reasons discussed below, I respectfully recommend that Lukens's IFP Motion be denied and that he be directed to pay the Court's filing fee.

I.

Lukens initiated this action in August 2025 seeking to challenge the Commissioner's decision to deny his application for Disability Insurance Benefits. (Doc. 1). In his IFP Motion, Lukens represents that he receives $4,000 per month in retirement benefits and that his spouse earns $3,000 per month in employment income.

(Doc. 2). Lukens also lists a number of assets, including a home worth nearly $600,000 and two vehicles—a 2024 Lincoln Nautilus and a 2018 Dodge Ram 1500—worth $50,415 and $20,000, respectively. *Id.* As for expenses, Lukens states that he spends $8,850 per month on, *inter alia*, utilities, food, medical expenses, insurance for his three minor dependents, and financial support for his adult son. *Id.*

II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). While such an application need not evidence "that the litigant is absolutely destitute," it must indicate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307 (internal quotation marks and citation omitted). In assessing whether a litigant is indigent, "courts will generally look to whether [he] is employed, [his] annual salary, and any other property or assets [he] may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

Lukens does not qualify as indigent for purposes of section 1915 here. As noted above, he and his spouse collectively earn $7,000 per month, *see* (Doc. 2),[1] which equates to more than $84,000 annually and which is more than twice the 2025 poverty level for a family of five.[2] And while Lukens claims expenses exceeding his income, these outlays include a $700 monthly payment for a recently purchased luxury vehicle, the 2024 Lincoln Nautilus, and $4,000 on food. *See id.*; *see also Washington v. AT&T Inc.*, 2025 WL 1203093, at *1 (M.D. Fla. Feb. 5, 2025) (denying an IFP motion where the plaintiff's expenditures, though greater than his income, included $800 in monthly credit card debt and $1,000 in "unspecified" payments for "business or professional operations"); *Byrd v. Hiday & Ricke, P.A.*, 2012 WL 13136917, at *2 (M.D. Fla. Nov. 5, 2012) ("[I]f the [c]ourt were to be concerned with current cash flow status rather than the requirement of poverty, practically every case will become eligible for in forma pauperis status.") (internal quotation marks and citation omitted), *report and recommendation adopted*, 2012 WL 13136911 (M.D. Fla. Dec. 3, 2012).

---

[1] A court can consider spousal income in determining a plaintiff's ability to pay court fees and costs. *See Sergent v. Comm'r of Soc. Sec.*, 2023 WL 8375647, at *1 n.2 (M.D. Fla. Nov. 8, 2023) (collecting cases).

[2] The 2025 federal poverty guideline for a family of five is $37,650. *See Annual Update of the HHS Poverty Guidelines*, 90 Fed. Reg. 5917-01 (Jan. 17, 2025).

III.

For the reasons set forth above, I respectfully recommend that the Court:

1. Deny Lukens's IFP Motion (Doc. 2);

2. Direct Lukens to pay the Court's filing fee within twenty (20) days of the date of the Court's Order; and

3. Caution Lukens that the failure to pay the filing fee within this time frame may result in the dismissal of his case without further notice.

Respectfully submitted this 25th day of September 2025.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Steven D. Merryday, United States District Judge
Counsel of record

4